## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made and entered into by and among Erwin Giron, ("Plaintiff"), and ~~Giodarno~~ Giordano Construction (the "Defendant"). Erwin Giron, and the Defendant, are each referred to hereinafter as a "Party" and collectively as the "Parties." 

WHEREAS, Erwin Giron, instituted the following civil action, Case No. 4:17-cv-00623 in the United States District Court, Southern District of Texas, Houston Division against the Defendant for unpaid overtime compensation (the "Lawsuit"); and

WHEREAS, the Parties recognize that there is a bona fide dispute regarding whether any back pay or liquidated damages are owed, and if owed, whether any such violation of the Fair Labor Standards Act ("FLSA") giving rise to a claim as "willful;" and

WHEREAS, the Parties wish to resolve this matter and avoid the disruption and expense of litigation;

NOW, THEREFORE, in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not an admission of any wrongdoing by any Party, nor shall it be interpreted or construed to be an admission of any wrongdoing by any Party. The Parties have entered into this Agreement for the sole purpose of resolving the Lawsuit and all possible FLSA claims at this time and to avoid the burden, expense, delay and uncertainties of litigation.

2. Upon approval of this settlement by the Court, all Parties, through counsel, agree to file a notice of dismissal of the Lawsuit with prejudice with the Court. The dismissal will include all claims and all counterclaims which were or may have been brought.

3. In consideration of this Agreement, and in full and final settlement of any claims, damages, attorney's fees and costs which were made by Erwin Giron. The Defendant shall remit payment in an amount not to exceed seven thousand dollars and 00/100 ($7,000.00), allocated as follows: (i) three thousand three hundred dollars and 00/100 ($3,300.00) representing any and all unpaid wages to Erwin Giron, (ii) (three thousand three hundred and 00/100) $3,300 representing the attorney's fees payable to plaintiffs' counsel, and (iii) (four hundred dollars and 00/100) $400.00 representing the attorney's expenses payable to plaintiffs' counsel. The payment shall be made within ten (10) days of the Court's approval of the settlement and dismissal of this Lawsuit.

Plaintiffs' counsel shall be responsible for distributing the settlement payments to Erwin Giron.

4.  In consideration and conditioned upon receipt of the full and final payment as described above, Erwin Giron hereby releases and forever discharges Defendant and all of their respective employees, officers, partners, members, shareholders, parents, affiliates, subsidiaries, principals, trustees, owners, directors, agents, adjusters, consultants, sub-consultants, attorneys, insurers, excess insurers, successors, and all other persons and entities in privity with any of them from any and all wage and hour claims that were asserted or could have been asserted in the Lawsuit, from Plaintiff's initial employment by Defendant to the present day: and Plaintiff acknowledges that he does not retain any cause of action of any kind against Defendant.

Erwin Giron also knowingly and voluntarily does hereby fully, finally, irrevocably, and forever unconditionally release, acquit, and discharge Defendant of and from any and all wage and hour complaints, wage and hour claims, wage and hour demands, wage and hour liabilities, wage and hour obligations, wage and hour promises, wage and hour agreements, wage and hour controversies, wage and hour action, wage and hour causes of action, wage and hour suits, wage and hour rights, wage and hour damages, wage and hour costs, wage and hour losses, wage and hour debts, wage and hour accounts, wage and hour charges, and wage and hour expenses (including attorney's fees and costs actually incurred), whether in law or in equity, both known and unknown, which they might otherwise have against Defendant regarding any aspect of his employment with Defendant.

5.  The Parties shall bear their own attorney's fees and costs, except as detailed in Paragraph 3.

6.  This Agreement sets forth the entire agreement between the Parties, and fully replaces any and all prior agreements or understandings between the Parties regarding this Lawsuit. This Agreement may not be changed orally, and may only be modified in writing.

7.  In signing this Agreement, all Parties expressly warrant that they have read and fully understand it. All Parties acknowledge that this Agreement is voluntary and that no one is making or forcing either Party to enter into it. All Parties acknowledge that they have had an opportunity to and/or have consulted with an attorney before signing it.

8.  This Agreement may be executed simultaneously or in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

9.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

10. All warranties, representations, terms, conditions, covenants, agreements and releases contained herein shall survive this Agreement. Should any provision of this Agreement

be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected, and the invalid parts, terms or provisions shall be deemed not a part of this Agreement.

11.  This Agreement is entered into in the State of Texas, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Texas.

12.  In entering into this Agreement, all Parties represent that they have relied upon or were permitted to rely upon at their sole discretion the legal advice of their attorney, who is the attorney of their choice, and that the terms of this Agreement have been completely read and explained to them by their respective attorney, and that they fully understand and accept those terms.

13.  All Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

14.  This Agreement may be enforced by any court having jurisdiction and relief shall include specific performance and injunctive relief.

15.  A copy of this Agreement has the same legal effect as an original.

BY: _____  05-16-017
    ERWIN GIRON                DATE

BY: _____  5/23/17
    Preston C. Goodwin, of     DATE
    GIODARNO CONSTRUCTION INC.
    Giordano